UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FIRST WESTERN TRUST BANK a/k/a
ROCKY MOUNTAIN BANK,
Successor-by-Merger with ROCKY
MOUNTAIN BANK,

                Plaintiff,

      -against-

FAMILY MANAGEMENT CORP.,

               Defendant.

**COMPLAINT**

Case No. 23-cv-01452

---

Plaintiff, by its attorneys, as and for its Complaint against the Defendant, alleges the following:

## PARTIES

1.    Plaintiff is a Colorado corporation whose principal place of business is in Colorado.

2.    Defendant is a New York corporation whose principal place of business is in New York.

## VENUE AND JURISDICTION

3.    This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy is between a citizen of the State of Colorado and a citizen of the State of New York and the amount in controversy exceeds $75,000.

4.    Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(a) because the Defendant resides in this judicial district and because the parties in their contract have consented to this

venue.

## FACTS COMMON TO ALL CLAIMS

5.      Defendant was founded in 1989, is an SEC-registered investment adviser and broker-dealer serving high net worth individuals, families and non-profit organizations, and has over $3 billion of assets under management.

6.      On or about December 18, 2013, Rocky Mountain Bank, Plaintiff's predecessor-in-interest by virtue of a 2021 merger ("Plaintiff" or the "Bank"),[1] entered into a contract denominated "Solicitation Agreement" (the "Agreement") with Defendant, pursuant to which Defendant, denominated therein as "Advisor," engaged the Bank, denominated therein as "Solicitor," to render "solicitation services," whereby it could refer persons or entities, on a non-exclusive basis, to Defendant, as potential clients.  Agreement at ¶ 1.

7.      The Agreement requires the Defendant to pay the Bank a "Referral Fee," calculated as a percentage of the quarterly management fees Defendant earns from clients referred by the Bank and accepted by Defendant, denominated "Covered Clients," ranging from 25% to 45% of the fees, based on the total amount of assets referred by the Bank.  Agreement at ¶ 8.

8.      Defendant is obligated under the Agreement to provide the Bank with "information" about the "investment amount attributable to each Covered Client and the and the calculation of Referral Fees payable to Solicitor on each occasion the Referral Fees are paid." Agreement at ¶ 9.

---

[1] First Western Trust Bank merged with Rocky Mountain Bank as of December 31, 2021. First Western Trust Bank was the surviving legal entity and continues to do some business under the tradename "Rocky Mountain Bank."

9.      Referral Fees are required to be paid within 10 days after quarterly management fees are received by Defendant. Agreement at ¶ 8.

10.     The Agreement provides that either party may terminate it on 30 days' notice, but termination shall not terminate "the right of Solicitor to receive Referral Fees with respect to Covered Investments made by any Covered Client as long as the Covered Client remains a client of the Advisor," nor shall it terminate the "the respective indemnification and confidentiality obligations described in this Agreement." Agreement at ¶ 6.

11.     Defendant regularly remitted "Referral Fees" to the Bank with the required information about the "investment amount attributable to each Covered Client and the calculation of Referral Fees payable to Solicitor on each occasion the Referral Fees are paid," as set forth in the Agreement.

12.     In the fourth quarter of 2021, Plaintiff elected to terminate the Agreement, as provided therein, giving Defendant due notice, intending and believing that its right to continue to receive Referral Fees for assets of Covered Clients would survive pursuant to the express terms of Agreement ¶ 6 (termination shall not terminate "the right of Solicitor to receive Referral Fees with respect to Covered Investments made by any Covered Client as long as the Covered Client remains a client of the Advisor").

13.     Defendant responded by notifying Plaintiff that it would not remit any further payments of Referral Fees.

14.     Plaintiff rejected Defendant's refusal to comply with its continuing obligation to remit Referral Fees under the Agreement and demanded that payments be made as provided therein.

15. Defendant has failed and refused to remit the payments due beginning with the first quarter of 2022 and continuing thereafter, and has failed to provide the required information, thereby breaching the Agreement.

16. Plaintiff has performed all the covenants and conditions on its part to be performed under the Agreement.

## FIRST CLAIM FOR RELIEF
*(Breach of Contract – Injunction/Specific Performance)*

17. Plaintiff hereby incorporates by reference the allegations contained herein in paragraphs 1 through 16.

18. The Agreement (¶ 13) recognizes that given the "specialized and unique character" of the rights of the parties thereunder, in addition to seeking damages or other remedies in the event of a breach, the aggrieved party may seek an injunction in a court of competent jurisdiction to restrain any such failure or refusal to perform or comply with the party's obligations hereunder.

19. Plaintiff has performed all the covenants and conditions on its part to be performed under the Agreement.

20. Defendant contends that because Plaintiff sent notice of termination of the Agreement, it has no further obligations to Plaintiff thereunder, despite the clear terms in the Agreement to the contrary.

21. Because of Defendant's failure and refusal to perform under the Agreement, Defendant has breached the contract.

22. Plaintiff has no adequate remedy at law.

23. By virtue of the foregoing, including the remedies clause in the Agreement, Plaintiff is entitled to a Judgment enjoining and directing Defendant to

specifically perform its obligations under the Agreement, by remitting the appropriate Referral Fees each quarter to Plaintiff with the required information as to the calculations.

## SECOND CLAIM FOR RELIEF
*(Breach of Contract - Damages)*

24. Plaintiff hereby incorporates by reference the allegations contained herein in paragraphs 1 through 23.

25. By virtue of the foregoing, Defendant has breached its contract with Plaintiff.

26. Plaintiff has been damaged in an amount to be determined at trial, including its share of all management fees earned by Defendant on assets of Covered Clients, from and including the first quarter of 2022 and thereafter.

## THIRD CLAIM FOR RELIEF
*(Breach of Fiduciary Duty)*

27. Plaintiff hereby incorporates by reference the allegations contained herein in paragraphs 1 through 26.

28. Defendant, as the party in possession of and managing assets of Covered Clients referred by Plaintiff, upon which Referral Fees are earned and calculated, and required to be shared with Plaintiff, owed Plaintiff a fiduciary duty to report and account for all assets under management for Covered Clients and to calculate properly and remit to Plaintiff its share of the fee income in accordance with the terms of this Agreement.

29. Defendant breached and violated its fiduciary duties by retaining all fee income for itself, by failing to properly account for fee income earned, by failing to remit to Plaintiff its proper share of fee income earned, and retaining fee income due to

Plaintiff for Defendant's own benefit and purposes, and by failing to report to Plaintiff, as provided in the Agreement.

30. Plaintiff demands damages based of Defendant's violation of its fiduciary duties in an amount to be determined at trial.

## **FOURTH CLAIM FOR RELIEF**
*(Declaratory Judgment)*

31. Plaintiff hereby incorporates by reference the allegations contained herein in paragraphs 1 through 30.

32. By virtue of the foregoing, Plaintiff is entitled to a judgment declaring the rights and obligations of the parties under the Agreement, issuing directives requiring Defendant to:

A. Pay Plaintiff a Referral Fee, calculated as a percentage of the quarterly management fees Defendant earns from clients referred by Plaintiff and accepted by Defendant, denominated Covered Clients, ranging from 25% to 45% of the fees, based on the total amount of assets referred by Plaintiff, Agreement at ¶ 8;

B. Provide Plaintiff with information about the "investment amount attributable to each Covered Client and the and the calculation of Referral Fees payable to Solicitor on each occasion the Referral Fees are paid," Agreement at ¶ 9;

C. Pay the proper amount of "Referral Fees" to Plaintiff within 10 days after quarterly management fees are received by Defendant, Agreement at ¶ 8; and

D. Continue to perform under the Agreement as aforesaid "with respect to Covered Investments made by any Covered Client as long as the Covered Client remains a client of the Advisor."

## FIFTH CLAIM FOR RELIEF
*(Accounting)*

33. Plaintiff hereby incorporates by reference the allegations contained herein in paragraphs 1 through 32.

34. Defendant has failed to provide Plaintiff with the information required under the Agreement with each payment of Referral Fees since the end of the fourth quarter of 2021.

35. Defendant has not rendered any accounting to Plaintiff for the Referral Fees earned on assets managed for Covered Clients since the end of the fourth quarter of 2021.

36. Plaintiff does not know and cannot ascertain the amount of Referral Fees received by Defendant on assets of Covered Clients during this time, which information is in the sole possession of Defendant.

37. Plaintiff is entitled a full and complete accounting of all fees earned by Defendant on assets of Covered Clients under the Agreement since the end of the fourth quarter of 2021.

38. Upon a full and complete accounting, Defendant should be compelled to pay all sums due to Plaintiff, plus interest.

## SIXTH CLAIM FOR RELIEF
*(Attorneys' Fees and Costs)*

39. Plaintiff hereby incorporates by reference the allegations contained herein in paragraphs 1 through 38.

40. The Agreement contains a provision (¶ 12) obligating Defendant "to indemnify, save and hold harmless [the Bank] from any and all claims, demands,

liability, causes of action, losses, expenses, damages, reasonable attorneys' fees and costs of litigation arising out of investment management activities or any material breach by [Defendant] of its obligations or representations under this Agreement."

41. By virtue of the foregoing, Plaintiff is entitled to an award of its reasonable attorneys' fees and costs of this litigation, in an amount to be determined at trial.

WHEREFORE Plaintiff demands judgment against the defendant as follows:

A. On the First Claim for Relief, enjoining and directing Defendant to specifically perform its obligations under the Agreement, by remitting the proper amount of Referral Fees due on assets of Covered Clients each quarter to Plaintiff, with the required information as to the calculations.

B. On the Second Claim for Relief, awarding Plaintiff damages in an amount to be determined at trial, plus interest thereon;

C. On the Third Claim for Relief, awarding Plaintiff damages in an amount to be determined at trial;

D. On the Fourth Claim for Relief, declaring that the Agreement remains in full force and effect, that Defendant is required to remit Referral Fees to plaintiff as specified in the Agreement, for as long as it has assets and earns fees from Covered Clients, and that Defendant is required to provide Plaintiff with information about the calculation of Referral Fees at the time the payments are remitted;

E. On the Fifth Claim for Relief, directing Defendant to provide Plaintiff with a full and complete accounting of all fees earned on assets of Covered Clients since the end of the fourth quarter of 2021 and, upon a full and

complete accounting, directing Defendant to pay all sums found to be due and owing to Plaintiff as Referral Fees, plus interest;

F. On the Sixth Claim for Relief, awarding Plaintiff its reasonable attorneys' fees and costs of this litigation, in amount to be determined at trial; and

G. Awarding Plaintiff such other, further, and different relief as the Court deems just and proper, plus the costs and disbursements of this action.

Dated: New York, New York
February 22, 2023

BERNARD D'ORAZIO & ASSOCIATES, P.C.

By: /s/ Bernard D'Orazio
Bernard D'Orazio
Attorneys for Plaintiff
The Legal Studio at 238 West 139th Street
New York, New York 10030
(212) 608-5300
bdorazio@dorazio-law.com